OPINION
{¶ 1} Defendant, Charles Weir, appeals from his conviction and sentence for Importuning, in violation of R.C. 2907.07(D)(2). That section provides:
 {¶ 2} "No person shall solicit another by means of a *Page 2 
telecommunications device, as defined in section 2913.01 of the Revised Code, to engage in sexual activity with the offender when the offender is eighteen years of age or older and .
 {¶ 3} ". . . [t]he other person is a law enforcement officer posing as a person who is thirteen years of age or older but less than sixteen years of age, the offender believes that the other person is thirteen years of age or older but less than sixteen years of age or is reckless in that regard, and the offender is four or more years older than the age the law enforcement officer assumes in posing as the person who is thirteen years of age or older but less than sixteen years of age."
 {¶ 4} Evidence introduced at Weir's trial concerned his conversations with two law enforcement officers, each of whom identified themselves as "Ashley," a fifteen-year-old female. Both conversations took place on May 31, 2006.
 {¶ 5} In the first instance, Detective Raymond St. Clair of the Dayton Police Department entered an internet "chat room," identifying himself as "Ashley." Defendant, who identified himself as "Oakwood Runner," engaged Ashley in conversation.
 {¶ 6} Defendant made several suggestions of sexual *Page 3 
activity between him and Ashley. Defendant added that he is "27/m/ohio." Ashley responded that she is "15 f dayton." Defendant gave Ashley his telephone number, asking that she call him and continuing suggestions of sexual activity.
 {¶ 7} Ashley promised to telephone Defendant at the number he provided. Ashley asked: "U just wanna talk or you possibly looking for more(?)." Defendant replied "more." Ashley then told Defendant that ". . . im going to take a shower and go to udf for ice cream, if you want to meet me there." Defendant replied: "don't you think im alittle old for your (?)." Ashley indicated she didn't and asked: "you want me to call you(?)." Defendant replied: "sure."
 {¶ 8} When the chat room conversations concluded, Detective St. Clair arranged for Dayton Police Officer Molly Sharp to telephone Defendant at the number he provided, identifying herself as Ashley. Defendant said that he was "[w]ondering if you're gonna call me." After telling "Ashley" to remove her clothes, Defendant directed her to masturbate. He then told her that he'd "love" to engage her in cunnilingus. After more conversation, Defendant asked: "How old are you again?" "Ashley" replied: "15." Defendant asked: "How do you know you like older guys?" "Ashley" replied: "Cause you know what to do." *Page 4 
 {¶ 9} Defendant asked for a photograph of Ashley, which the officers sent through their internet connection. Defendant said: "Wow. What school you into?" "Ashley" wouldn't say, but asked: "Are you going to meet me?" Defendant asked where, and Ashley proposed "how about the UDF . . . on Brown Street; " which she told Defendant is close to her home. Defendant agreed to meet her there. Their first telephone conversation then concluded.
 {¶ 10} Officer Sharp called Defendant again, several minutes later. She proposed that Defendant meet Ashley at 6:30 p.m. Defendant replied: "OK . . . That'll be great."
 {¶ 11} Police waited at the location of his proposed meeting with Ashley, but Defendant failed to appear. Officers then went to his home and arrested Defendant for importuning. Defendant admitted to police that he had spoken with "Ashley" on-line and by telephone, that their conversations involved sex, and that Ashley had told him she is fifteen years old.
 {¶ 12} Defendant was charged with one count of importuning, in violation of R.C. 2907.07(D)(2). Defendant waived his right to a jury and the charge was tried to the court. Defendant testified that he was only engaging Ashley in "phone play," and never believed "Ashley" was a fifteen year old girl. The trial court found Defendant guilty, sentenced him *Page 5 
to five years of community control, and designated him a sexually-oriented offender. We granted Defendant's motion for leave to file a delayed appeal.
ASSIGNMENT OF ERROR
 {¶ 13} "THE APPELLANT'S CONVICTION FOR IMPORTUNING IS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 14} A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. State v. Thompkins, (1997), 78 Ohio St.3d 380. The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus of State v. Jenks (1991), 61 Ohio St.3d 259:
 {¶ 15} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Page 6 
 {¶ 16} Defendant argues that the evidence presented was insufficient as a matter of law to prove an essential element of the R.C.2907.07(D)(2) violation charged: that he believed the person from whom he solicited sex was less than sixteen years of age, or that he was reckless in that regard. Defendant contends that Ashley's declaration that she was fifteen years old, standing alone, is insufficient to prove that he acted with the belief that she was that age when he thereafter continued his solicitation of sexual activity.
 {¶ 17} Whether a person " believes" that any particular facts and circumstances exist is an issue that implicates the person's subjective state of mind. State of mind can be proved in two ways: through the person's own admission that he or she harbored the state of mind concerned, which is direct evidence of that proposition, or by circumstantial evidence of an objective nature from which the state of mind reasonably may be inferred. Circumstantial evidence and direct evidence inherently possess the same probative value for purposes of a sufficiency challenge. State v. Jenks (1991), 61 Ohio St.3d 259. The relevant circumstantial evidence on this record is Defendant's conduct in his conversations with "Ashley."
 {¶ 18} After Defendant identified himself in their internet *Page 7 
conversation as "27/m/ohio,"[1] Ashley told him that she was "15 f dayton." After further conversation proposing sexual activity, Defendant replied: "don't you think im a little old for you(?)." In their subsequent telephone conversation, Defendant asked Ashley: "How do you know you like older guys(?)." After being given a photograph of "Ashley", Defendant asked: "Wow. What school you into?"
 {¶ 19} Considering the foregoing evidence in a light most favorable to the prosecution, a rational trier of fact could have found that Defendant believed that Ashley was thirteen years of age or older but less than sixteen years of age. Therefore the evidence of that element of the importuning violation charged is supported by legally sufficient evidence. State v. Jenks, supra.
 {¶ 20} A weight of the evidence argument challenges the believability of the evidence and asks which of the competing inferences suggested by the evidence is more believable or persuasive. State v. Hufnagle (Sept. 6, 1996), Montgomery App. No. 15563, unreported. The proper test to apply to that inquiry is the one set forth in State v. Martin (1983), 20 Ohio App.3d 172, 175:
 {¶ 21} "[t]he court, reviewing the entire record, weighs *Page 8 
the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Accord:State v. Thompkins, supra.
 {¶ 22} In order to find that a manifest miscarriage of justice occurred, an appellate court must conclude that a guilty verdict is "against," that is, contrary to, the manifest weight of the evidence presented. See, State v. McDaniel (May 1, 1998), Montgomery App. No. 16221. The fact that the evidence is subject to different interpretations on the matter of guilt or innocence does not rise to that level.
 {¶ 23} The credibility of the witnesses and the weight to be given to their testimony are matters for the trier of facts to resolve. State v.DeHass (1967), 10 Ohio St.2d 230. In State v. Lawson (August 22, 1997), Montgomery App. No. 16288, we observed:
 {¶ 24} "[b]ecause the factfinder . . . has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the *Page 9 
factfinder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness." Id., at p. 4.
 {¶ 25} This court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is patently apparent that the trier of facts lost its way in arriving at its verdict. State v. Bradley (Oct. 24, 1997), Champaign App. No. 97-CA-03.
 {¶ 26} Defendant argues that his conviction for importuning is against the manifest weight of the evidence because he testified at trial that he never intended to solicit a minor to engage in sexual activity, that he was merely engaging in "phone play," and that in any event he did not believe he was talking to a fifteen year old girl.
 {¶ 27} At trial, Defendant testified about the facts and circumstances that he claims caused him to disbelieve "Ashley's" claim that she was a fifteen year old female. For instance, "Ashley" said she shaved her pubic hair. Also, Defendant testified that the picture of herself that "Ashley" posted on the internet didn't look to him like somebody from Wayne Avenue, and "Ashley" indicated that she was okay with dating older men. Defendant argues that the fact that he *Page 10 
asked "Ashley" if she was setting him up and if she was a cop supports his claim that he didn't believe he was conversing with a fifteen year old girl.
 {¶ 28} The matters to which Defendant refers are equivocal, at best. They do not demonstrate that the court's finding of guilt is contrary to the manifest weight of the totality of the evidence presented. Further, the trial court was free to reject Defendant's testimony concerning his belief, and there is no basis for us to find that the trial court lost its way in that regard. Giving the decision of the trial court deference it is due, we cannot find that Defendant's conviction is against the manifest weight of the evidence.
 {¶ 29} Defendant's contention that he was merely engaged in "phone play" does not avoid the conduct that R.C. 2907.07(D)(2) prohibits, which is solicitation of sexual activity from a person whom the offender believes is within the specified age range but who is, in fact, a law enforcement officer. "Phone play" can involve the solicitation that section prohibits, whether or not the offender intends to engage in the sexual activity concerned. Further, having been given reason to believe that the other person is within the prohibited age range, an offender acts recklessly when, with heedless indifference to the consequences, he perversely *Page 11 
disregards the other person's purported age and solicits sexual activity from her or him. R.C. 2901.22(C). The record supports a finding that Defendant did that, and the court's finding that he did is not against the manifest weight of the evidence.
 {¶ 30} The assignment of error is overruled. The judgment of the trial court will be affirmed.
BROGAN, J. And DONOVAN, J., concur.
[1] Defendant Wier is, in fact, fifty-one years of age. *Page 1